Rockingham, }
Nov. 4, 1914. }

ATTORNEY-GENERAL (*ex rel.* MARTHA S. KIMBALL) *v.* IRA A. NEWICK.

A vacancy occurring in the Portsmouth board of instruction is properly filled by the city council until another election shall be had.

INFORMATION, in the nature of *quo warranto*, to determine the defendant's title to the office of a member of the board of instruction of the city of Portsmouth. Transferred without a ruling from the April term, 1914, of the superior court by *Pike*, C. J.

October 1, 1913, Joseph Foster, who had been elected a member

of the board of instruction for a term expiring January 1, 1915, resigned his office, and on October 16 the relatrix was elected by the city council to fill the vacancy. At the municipal election held in December, 1913, the defendant was chosen a member of the board to succeed Foster and has since exercised the duties of the office.

*Taggart, Burroughs, Wyman & McLane* (*Mr. McLane* orally), for the relatrix.

*Calvin Page* and *Ernest L. Guptill,* for the defendant.

YOUNG, J. The charter of Portsmouth provides for the election of a board of instruction by the electors, but makes no provision for filling vacancies in the board. Laws 1905, c. 212, s. 15. For many years previous to 1905, the members of the board were appointed and vacancies were filled by the board of aldermen (Laws 1877, c. 166, s. 1); and the relatrix contends that the provisions of the latter act are still in force in so far as filling vacancies is concerned. If that is true, it is difficult to understand how the relatrix benefits, for she was not appointed by the board of aldermen, but elected by the council as a member of the board of instruction.

But waiving that; while chapter 212, Laws of 1905, does not in terms repeal so much of chapter 166, Laws of 1877, as imposes upon the board of aldermen the duty of filling vacancies in the board of instruction, it abolishes the former board, and that carries with it by necessary implication an intention to repeal so much of chapter 166 as imposes duties on that board. The new city charter (Laws 1905, c. 212) creates many offices, but makes no provision for filling vacancies, except in the case of the overseer of the poor (s. 19). Consequently it is probable the legislature intended that vacancies should be filled under the provision of section 4, chapter 50, Public Statutes; for that section is a part of the charter of every city except in so far as its provisions are inconsistent with the provisions of the charter. *Attorney-General* v. *Remick,* 73 N. H. 25, 30. It follows that the relatrix's term of office expired when the defendant qualified as a member of the board. P. S., c. 50, s. 4.

                                        *Case discharged.*

All concurred.